# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HSH EASTGATE, LLC,**

    **Plaintiff,**

**v.**                                                          **Case No:   6:13-cv-1902-Orl-31GJK**

**BOB HANSELL, in his official capacity as
Sheriff of Osceola County, Florida,**

    **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Dismiss Amended Complaint (Doc. 18) filed by the Defendant, Osceola County Sheriff Bob Hansell (henceforth, "Hansell" or the "Sheriff"), who is sued in his official capacity, and the response in opposition (Doc. 21) filed by the Plaintiff, HSH Eastgate, LLC (henceforth, "HSH").

### I.     Background

According to the allegations of the Amended Complaint, which are accepted as true for purposes of resolving this motion to dismiss, HSH operates a hotel in Osceola County. HSH's hotel is "unflagged" -- that is, it is not operated under a regional or national brand name recognizable to most of the public.   HSH seeks to utilize Florida Statute § 509.141, which provides a speedier and less expensive means of ejecting undesirable guests from hotel premises than that provided for in Florida's traditional landlord/tenant eviction process.   Section 509.141 provides that when hotel guests are deemed undesirable for acting in certain enumerated ways -- such as illegally possessing or selling controlled substances on the hotel premises, or failing to pay rent on time -- the hotel operator can notify the guests that they need to leave immediately.   Fla.

Stat. § 509.141(1), (2).  Guests who fail to leave after receiving such notice are guilty of a second degree misdemeanor.  Fla. Stat. § 509.141(3).  If a guest illegally remains on the premises after receiving the required notice, the hotel operator "may call upon any law enforcement officer of this state for assistance," and it is "the duty of such law enforcement officer, upon the request of such operator, to place under arrest and take into custody for violation of this section any guest who violates subsection (3) in the presence of the officer."  Fla. Stat. § 509.141(4).

HSH complains that Hansell – and by extension, the Osceola County Sheriff's Office (henceforth, "OCSO") -- refuses to enforce Section 509.141 in regards to its hotel.  Sometimes, HSH alleges, the OSCO refuses to respond at all to the hotel's requests to remove undesirable guests; on other occasions, OCSO officers gave legal advice to guests, stating that HSH could not require the guests to vacate the premises, and refused to assist in the guests' removal.  (Doc. 14 at 6-7).  In particular, HSH alleges that in November 2013, after providing a number of guests with the required notice under Fla. Stat. § 509.141(2), it requested assistance from OCSO to eject several individuals who refused to leave the premises.  (Doc. 14 at 7).  An OCSO representative informed HSH that "all OCSO Majors, Lieutenants, Sergeants, and Deputies have been instructed by Hansell that the OCSO will not enforce or aid in the removal of any hotel guest at [HSH's] business 'regardless if the guest is on the property for one day or one year.'"  (Doc. 14 at 7).  HSH also alleges that Hansell and the OCSO enforce Section 509.141 when requested by flagged hotels in the area, including a nearby Econolodge and an (unidentified) flagged hotel in Kissimmee previously operated by the current operator of HSH.

In its Amended Complaint, HSH asserts three claims under 42 U.S.C. § 1983: violation of procedural due process (Count I); violation of substantive due process (Count II); and violation of equal protection.  The Defendant seeks dismissal of each count.

**II.      Legal Standards**

**A. Motions to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. Fed.R.Civ.P. 10(c); see also *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the defendant unlawfully harmed me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. at 1949 (internal citations omitted).  "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the plaintiff is entitled to relief.'"  *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### B.  Section 1983

The Fourteenth Amendment to the United States Constitution provides that a State shall not "deprive any person of life, liberty, or property, without due process of law."  Amdt. 14, § 1.  In 42 U.S.C. § 1983, Congress has created a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

## II.     Analysis

### A.  Count I – Procedural Due Process

In Count I, HSH contends that Hansell's refusal to enforce Section 509.141 has violated its right to procedural due process.  HSH asserts that it has a property interest in receiving money from the rental of rooms in its hotel and argues that the Sheriff is depriving it of that interest by "failing to perform his non-discretionary duty to assist in the removal" of nonpaying guests, with the result being that HSH cannot rent the rooms to paying guests.  This argument is problematic for two reasons.  First, under the facts alleged by the Plaintiff, Hansell is not depriving HSH of the right to receive rental income for any of its rooms.  Any such deprivation is being accomplished by nonpaying tenants who refuse to vacate the premises.  Moreover, as HSH recognizes in the Amended Complaint (Doc. 14 at 9), it still possesses the ability to recover its property (and, by extension, the ability to receive rental income for that property) via the normal landlord/tenant eviction process set forth in Chapter 83, Florida Statutes.

In some cases, the procedural component of the Due Process Clause also protects a person's right to receive benefits from the government. However, to have a protectable property interest in a government benefit, a person must have more than an abstract need or unilateral expectation of it. Instead, the person must have a "legitimate claim of entitlement" to the benefit. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005). Such entitlements are not created by the Constitution. "Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Paul v. Davis*, 424 U.S. 693, 709, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (internal quotations omitted). *See also Town of Castle Rock, Colo.*, 545 U.S. 748 (holding that individual has no entitlement to enforcement of a restraining order where police retain discretion over whether to arrest person who violates the order).

In their papers, the parties discuss at some length whether Florida law enforcement officers retain discretion to enforce this statute, or whether the language of Fla. Stat. § 509.141(4) – that it is "the duty of such law enforcement officer, upon the request of such operator, to place under arrest and take into custody for violation of this section any guest who violates subsection (3) in the presence of the officer" – eliminates that discretion so as to give HSH a legitimate claim of entitlement to (and protectable property interest in) its enforcement. However, the Court finds that the point is moot. In Count I of the Amended Complaint, HSH asserts a property interest only in the right to receive rental income from its property. It does not assert a property interest in enforcement of Fla. Stat. § 509.141.

Count I will be dismissed.

### B. Count II – Substantive Due Process

The substantive component of the Due Process Clause protects those rights that are "fundamental," that is, rights that are "implicit in the concept of ordered liberty," *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288 (1937). Areas in which substantive rights are created only by state law – such as tort law and employment law -- are generally not subject to substantive due process protection under the Due Process Clause. *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88 L.Ed.2d 523 (1985). There is, however, an exception: "Where an individual's state-created rights are infringed by 'legislative act,' the substantive component of the Due Process Clause generally protects him from arbitrary and irrational action by the government." *Lewis v. Brown*, 409 F.3d 1271, 1273 (11th Cir. 2005) (citing *McKinney v. Pate*, 20 F.3d 1550, 1557 n. 9 (11th Cir. 1994) (*en banc*)). For purposes of substantive due process claims, the United States Court of Appeals for the Eleventh Circuit describes the distinction between executive and legislative acts as follows:

> Executive acts characteristically apply to a limited number of persons (and often to only one person); executive acts typically arise from the ministerial or administrative activities of members of the executive branch. The most common examples are employment terminations. . . .
>
> Legislative acts, on the other hand, generally apply to a larger segment of -- if not all of -- society; laws and broad-ranging executive regulations are the most common examples.

*McKinney*, 20 F.3d at 1557 n.9.

HSH argues that the Sheriff has enacted a policy of refusing to enforce Section 509.141 at any unflagged hotel in Osceola County. HSH characterizes this action, although obviously undertaken by an executive official, as a legislative act on the grounds that it "applies to a large segment of society within [Hansell's] jurisdiction." (Doc. 21 at 18). It is extremely doubtful that a police policy only applying to unflagged hotels in a county is sufficiently broad as to constitute a

legislative act for purposes of Section 1983.   This argument, however, has a more fundamental problem.   As discussed above, HSH has failed to identify a state-created right that is being infringed by Hansell's acts.   Thus, regardless of how Hansell's acts might be categorized, Count II fails to state a claim and must be dismissed.

### C. Count III – Equal Protection

The purpose of the Equal Protection Clause of the Fourteenth Amendment is to secure to every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.  *Sunday Lake Iron Co. v. Township of Wakefield*, 247 U.S. 350, 353 (1918). The Supreme Court recognizes equal protection claims brought by a "class of one," where the plaintiff alleges that it has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.   *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

HSH has alleged that Hansell will eject guests pursuant to Section 509.141 when requested to do so by similarly situated flagged hotels, including a nearby Econolodge, but refuses to do so for operators of unflagged hotels, such as HSH.   Hansell argues that the Amended Complaint does not properly address the "similarly situated" requirement, in that HSH has not alleged that the situation facing deputies when they arrive to enforce Section 509.141 – such as the guests' length of stay, their claims as to whether they have another residence, etc. -- is the same at both HSH and at the Econolodge and other flagged hotels.   However, although HSH complains in the Amended Complaint that OCSO officers sometimes respond and then improperly fail to eject guests, that is not the basis for the equal protection claim.   Count III is based on an (alleged) ongoing refusal to respond at all to HSH's requests for assistance in ejecting guests.   At least at

this stage, then, the primary issue is whether HSH is similarly situated to hotels at which Hansell is willing to enforce Section 509.141.   The similarity (or lack thereof) between the guests who stay at such hotels may be relevant to that determination, but it is not so obviously the case that HSH must address the point in detail to state a claim.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 18) is **GRANTED IN PART AND DENIED IN PART**.   Count I and Count II are **DISMISSED WITHOUT PREJUDICE.**   If the Plaintiff wishes to attempt to cure the deficiencies that led to dismissal of these counts, it may file a second amended complaint on or before April 14, 2014.   In all other respects, the motion is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 2, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party