## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**HSH EASTGATE, LLC,**

      **Plaintiff,**

v.                                                    Case No. 6:13-cv-01902-GAP-GJK

**BOB HANSELL, in his Official Capacity as SHERIFF OF OSCEOLA COUNTY, FLORIDA,**

      **Defendant.**

### UNOPPOSED MOTION TO AMEND CASE MANAGEMENT AND SCHEDULING ORDER WITH INCORPORATED MEMORANDUM OF LAW

Plaintiff, HSH EASTGATE, LLC ("HSH"), pursuant to Fed. R. Civ. P. 16(b)(4), moves to amend the Case Management and Scheduling Order, [Doc. 15], in this action, and in support thereof states as follows:

1. This is a federal question case for a violation of HSH's procedural due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

2. On January 13, 2014, the Court entered a Case Management and Scheduling Order pursuant to Fed. R. Civ. P. 16(b). [Doc. 15].

3. The Scheduling Order requires that HSH must disclose its expert report on November 7, 2014, and Defendant must disclose his expert report on December 5, 2014. [*Id.* at 1].

4. Despite its diligence in attempting to meet the November 7, 2014 deadline, HSH requires more time to complete its expert report to quantify its damages in this action.

5. "A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Prop., Inc. v. Fla. Mowing*

*and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). "[A] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(d); *see also* Fed. R. Civ. P. 6(b) (permitting extensions for good cause when motion is made prior to original deadline). To show "good cause," a party must establish that despite its diligence, a deadline cannot be reached. *Sosa v. Airport Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). A motion showing good cause must "includ[e] due diligence in the pursuit of discovery before the completion date" and state the "specific additional discovery needed and its purpose." Middle District Discovery (2001) at 4. "Motions for extension of discovery time . . . will normally be granted only if it clearly appears that an extension will not necessitate the continuance of a scheduled trial." *Id.*

6. HSH, with no opposition from Defendant, proposes to amend the Scheduling Order as follows:

> **Disclosure of Plaintiff's Expert Report:** December 8, 2014
>
> **Disclosure of Defendant's Expert Report:** January 16, 2015

7. The Court recommends that the "last exchange [of expert reports should be] 6 months before trial and 1-2 months before discovery deadline to allow expert depositions." *See* http://www.flmd.uscourts.gov/Forms/JgPresnell/CMR-Presnell.pdf (last visited November 5, 2014).

8. The trial term in this action is set for August 3, 2015, and the discovery deadline is February 6, 2015. Thus, the proposed amendment, if granted, would still require the last exchange of expert reports approximately eight months before trial and twenty days before the current discovery deadline.

9. Except for the proposed amendment to the Scheduling Order set forth in paragraph 6, no other deadlines, such as the dispositive motion deadline or trial term, will be affected or are proposed to be amended.

10. HSH will not "use the granting of the extension in support of a motion to extend another date or deadline." [Doc. 15 at 5].

11. The undersigned conferred in good faith with Defendant's counsel, pursuant to M.D. Fla. R. 3.01(g), prior to filing this motion. Opposing counsel does not oppose the relief requested herein.

**WHEREFORE,** Plaintiff, HSH EASTGATE, LLC, respectfully requests that the Court enter an Order amending the Case Management and Scheduling Order to extend the deadline for HSH's expert report disclosure to December 8, 2014 and Defendant's expert report disclosure to January 16, 2015, and any such further relief as the Court deems just and proper.

Dated: November 7, 2014

*/s/ Coleman Watson*
Brian C. Blair, Esq.
Florida Bar No. 0973084
bblair@bakerlaw.com
Coleman W. Watson, Esq.
Florida Bar No. 0087288
cwatson@bakerlaw.com
BAKER & HOSTETLER LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, FL  32801-3432
Telephone:   407.649.4000
Facsimile:    407.841.0168

*Attorneys for Plaintiff*

3

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that the foregoing has been served via email and U.S. Mail upon Thomas W. Poulton, Esq., DeBevoise & Poulton, P.A., Lakeview Office Park, Suite 1010, 1035 S. Semoran Boulevard, Winter Park, FL 32792, on November 7, 2014.

                                          */s/ Coleman Watson*
                                          Coleman W. Watson, Esq.