# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HSH EASTGATE, LLC,**

      **Plaintiff,**

**v.**                                                        **Case No:   6:13-cv-1902-Orl-31GJK**

**SHERIFF OF OSCEOLA COUNTY, FLORIDA**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Summary Judgment (Doc. 44) filed by the Plaintiff, HSH Eastgate, LLC ("HSH"), the Response and Motion for Summary Judgment (Doc. 50) filed by the Defendant, the Sheriff of Osceola County ("Sheriff"), the reply and response filed by HSH (Doc. 77), and the reply filed by the Sheriff (Doc. 78). This Court has also considered an amicus brief (Doc. 65) filed by Florida Housing Umbrella Group and HSH's response to that brief (Doc. 73).

### I.  Background

Florida law provides landlords with two different avenues for eviction of guests, depending upon whether the guests are transient or nontransient. To remove a nontransient guest, the landlord must file a civil action under the Florida Residential Landlord and Tenant Act ("FRLTA"), Fla. Stat. §§83.40-83.682. In the case of transient guests, Florida Statute §509.141 provides a much speedier and less expensive removal process. (For ease of reference, the remainder of this opinion will refer to the process set forth in Fla. Stat. §509.141 as the "expedited eviction process".)

Under the expedited eviction process, there is no lawsuit. The landlord simply provides written notice to the guests that they must leave, and refunds any prepayment.  Fla. Stat. § 509.141(2). Any guest who continues to remain on the premises thereafter commits a second-degree misdemeanor.  Fla. Stat. § 509.141(3).  The statute also authorizes landlords to request police assistance in accomplishing the eviction.  When a guest remains on the premises in violation of Fla. Stat. §509.141(3), the landlord may call a law enforcement officer and

> [i]t is the duty of such law of such law enforcement officer, upon the request of such [landlord], to place under arrest and take into custody for violation of this section any guest who violates subsection (3) in the presence of the officer.

Fla. Stat. §509.141(4).

HSH operates HomeSuiteHome, an extended-stay public lodging establishment in Osceola County.  HSH complains that when it has contacted the Sheriff's office to assist with these expedited evictions, the Sheriff's office has refused to make arrests, even though HSH has satisfied all of the statutory requirements.[1]  In its Second Amended Complaint (Doc. 29), HSH contends that the Sheriff is not properly enforcing the law and that this lack of enforcement constitutes a deprivation of its right to procedural due process, in violation of 42 U.S.C. § 1983. The Sheriff contends that his officers have properly refused to arrest HSH's guests pursuant to Fla. Stat. § 509.141(4), because, after conducting investigations, the officers determined that the guests were nontransient and therefore were not subject to the expedited eviction process.  By way of the instant motions, both parties seek summary judgment.

---

[1] The Sheriff does not dispute that HSH has provided the required notice and that the guests at issue have refused to leave when asked to do so.

## II. Legal Standards

### A. *Summary Judgment*

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56. Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

### B. *Procedural Due Process*

The deprivation of a constitutionally protected liberty or property interest without due process of law is unconstitutional. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). To succeed on a procedural due process claim, a plaintiff must show (1) a deprivation of a constitutionally-protected liberty or property interest, (2) state action, and (3) constitutionally inadequate process.

*Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006) (citation omitted). A party seeking to hold a municipality liable under Section 1983 must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *See, e.g., Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing cases).

### III.   Analysis

The Fourteenth Amendment to the United States Constitution provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." Amdt. 14, § 1. In 42 U.S.C. § 1983, Congress has created a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." HSH asserts that it has a property interest in police enforcement of Fla. Stat. § 509.141, and that the Sheriff has deprived it of this right without due process by having a policy of refusing to arrest unwanted guests.

For purposes of the Due Process Clause, to have a property interest in some benefit, a person must have a legitimate claim of entitlement to it. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). A benefit is not a protected entitlement if government officials may grant or deny it in their discretion. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 462-463 (1989). The Supreme Court has recognized that police generally possess discretion regarding whether and when to enforce a law, even where the language of a statute appears to mandate an arrest. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748 (2005) (holding that statutory language that police "shall use every reasonable means to enforce a restraining order" was insufficient to create property interest in enforcement on the part of plaintiff, whose husband murdered their children after police failed to attempt to arrest him for taking the children in violation of a restraining order).

The parties spend a substantial portion of their papers arguing over whether the "duty … to place under arrest" language of Fla. Stat. § 509.141(4) is sufficient to overcome the Sheriff's enforcement discretion and create a constitutionally protected property right to have unwanted guests arrested. However, the Court need not reach this issue. Even assuming that such a right exists, it only exists after a guest violates § 509.141(3) in the presence of a law enforcement officer by refusing to leave the premises. But Section 509.141 only applies to transient guests. Fla. Stat. § 509.034. If the guest is nontransient, § 509.141 does not apply, and no duty to arrest can arise under the statute.

Although in its papers HSH sometimes accuses the Sheriff of "refusing to enforce" Section 509.141, HSH is actually taking issue with the manner in which the Sheriff is enforcing the statute.[2] HSH has not produced any evidence that the Sheriff has a policy of refusing to arrest guests who have violated Section 509.141, or even that any officer has ever determined that the law had been violated and then declined to make an arrest.[3] The only evidence in the record is that the Sheriff requires that officers first determine that a guest is transient, and therefore that the statute applies, before arresting the guest for violating it. Such a policy is not only acceptable under the Due Process Clause, it is required by the Fourth Amendment. The constitutional validity of an arrest turns upon whether, at the moment it was made, the officers had probable

---

[2] As HSH articulated the issue, "[t]he battleground between the parties boils down to their competing contentions as to how the determination is made that any given guest at a public lodging establishment is transient, and thus, subject to the speedy removal procedures discussed above." (Doc. 44 at 2).

[3] HSH does complain that on November 14, 2013, the Sheriff declined HSH's request to send officers out to assist with several evictions. However, both sides agree that officers had spoken with the guests at issue on the previous day and had made a determination that they were not in violation of Fla. Stat. § 509.141 because HomeSuiteHome was their sole residence. (Doc. 53 at 129-49; *Id.* at Exhibit 9).

cause to make it – whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent officer in believing that the person had committed the offense.  *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964). ).   It is well-established that a police officer's ad hoc determination of probable cause is a permissible and necessary exercise of discretion, as is the officer's making of inquiries for investigative purposes.  *See, e.g.*, *Terry v. Ohio*, 392 U.S. 1, 26 (1968) (providing that "an officer may lawfully arrest a person only when he is apprised of facts sufficient to warrant a belief that the person has committed or is committing a crime").

HSH argues that the Sheriff lacks discretion under the statute to determine whether a guest is transient.   HSH also argues that a "Guest Registration Card and Hotel Agreement" (henceforth, the "Agreement") signed by the guests when they move into HomeSuiteHome is determinative of the issue, because it shows that both parties intended that the guest's residence be only temporary.  Neither of HSH's arguments is supported by the language of Section 509.141, and HSH cites no other authority in support of them.

The statute does not set forth concrete boundaries (such as length of stay or receipt of mail) that can be used to determine whether a particular guest should be considered "transient" or "nontransient".   "Transient" is defined as "a guest in transient occupancy;" "transient occupancy" is defined as "occupancy when it is the intention of the parties that the occupancy will be temporary."   Fla. Stat. § 509.013(13), (12).   The definition of "transient occupancy" further provides that "[t]here is a rebuttable presumption that, when the dwelling unit occupied is not the sole residence of the guest, occupancy is transient."   Fla. Stat. § 509.013(12).   The flipside definitions follow the same pattern. "Nontransient occupancy" is defined as "occupancy when it is the intention of the parties that the occupancy will not be temporary," and there is a rebuttable

presumption of nontransient occupancy when the dwelling unit is the sole residence of the guest. Fla. Stat. § 509.013(15).  These rebuttable presumptions, which by their very nature require weighing of evidence, fatally undermine HSH's argument that police officers lack discretion to determine whether a guest is transient and therefore subject to the expedited eviction process.

HSH's argument in regard to the Agreement is also unavailing.  HSH contends that by signing the Agreement, guests promise not to use HomeSuiteHome as their permanent residence,[4] and this statement of intent conclusively establishes that the guests are transient and that Section 509.141 applies. The Court notes that a number of the Agreements submitted as evidence do not contain the "permanent address/residence" language upon which HSH bases its argument. Moreover, several of the guests who signed the Agreements listed HomeSuiteHome's address as their mailing address, suggesting that they intended to use HomeSuiteHome as their permanent or sole residence, and that HSH was aware of this.  But even assuming that all of the guests at issue had promised not to use HomeSuiteHome as their permanent residence, this would not conclusively establish that the guests were transient.  The statute defines "transient" and "nontransient" in terms of intent, and any promise made at the outset of the guest's stay is at most an indicator of that intent.  According to the statute, the most important indicator of this intent is whether the dwelling unit is the guest's sole residence.  Because of this, it would be improper for the officers to determine whether a guest was transient solely by referring to the Agreement, as HSH demands.

---

[4] A copy of the Agreement signed by a guest and attached to the transcript of the deposition of Dianna Chane, HSH's managing member, provides that the motel is "not intended to be used as a permanent address/residence or for obtaining identification." (Doc. 44, Ex. B at 5).

### IV. Conclusion

HSH has failed to provide evidence from which a reasonable jury could conclude that it has been deprived a constitutionally protected property right.

Accordingly, it is hereby **ORDERED** that the Motion for Summary Judgment (Doc. 44) filed by HSH Eastgate, LLC, is **DENIED**, and the Motion for Summary Judgment (Doc. 50) filed by the Sheriff of Osceola County is **GRANTED**. The Clerk is directed to enter judgment in favor of the Sheriff and close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 1, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party